WILLIAM B. PIERCE *versus* JEFFERSON PIERCE.

If a submission before a justice be made of all demands arising between the parties after a specified day, a specification of the claims must be annexed to the submission.

Such specification is dispensed with only when *all* demands are submitted.

EXCEPTIONS from the District Court, RICE, J.

A submission was made before a justice of the peace of all demands arising between the parties since the 1st of January, 1845.

No specification of claim, and no demand of any kind was annexed to the submission.    The award was rejected.

*Vose*, for W. B. Pierce.

The submission of all demands since January 1, 1845, is equivalent to a submission of *all demands*, so far as the requisition of the statute in relation to the annexation of demands is concerned. The reason for omitting the annexation would be the same in both cases.

*Fuller*, for J. Pierce.

TENNEY, J. — Controversies, which may be the subject of a personal action, may be submitted to one or more referees by an agreement, executed and acknowledged by the parties or their attorneys.

If all demands between the parties are submitted, no specific demand is required to be annexed to the agreement. But if a specific demand only is submitted, the same shall be annexed to the agreement, and signed by the party making it; and such demands, shall be stated in a manner to be readily understood, and be as certain in substance, as the case will admit. R. S. c. 138, § 1, 2, 3 and 4.

It is contended for the plaintiff, when all the demands, which arose after a certain time mentioned in the agreement, are submitted, the reason, which dispenses with the annexation to the agreement of specific demands, when all are referred, will fully apply; and consequently, that it is equally unnecessary, that the claims should be so specified. The statute in this respect refers to two classes of demands; those which comprise all the mutual claims between the parties; and those which do not purport to be so; and having provided for the submission of those of both classes, and having dispensed with the specification of those of the first class only, we must infer, that the Legislature intended, that the other class should be subject to the provision which requires them to be annexed. If the submission of all demands, which accrued after a certain time are to be treated in this respect as the submission of all demands, mutually existing between the parties without limitation; claims, which originated between two certain periods however near each other, and those, which arose on a certain day, must fall within the same rule. This would be giving to the statute the construction, that the specification required, is the time only, when the claim had its origin. Such a construction is not in accordance with the provision, that the claim shall be stated so as to be understood, and be as certain in substance, as the case will admit, and signed by the party making it, and cannot be adopted. In the case before us, there was no demand annexed to the submission.

Other questions are presented in the case; but they are not material to its decision.

*Exceptions overruled.*